**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.  11 B 27847** |
| **PETER Z. VUJIC,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Motion Date: June 13, 2012** |
| **Debtor.** | ) | **Motion Time: 9:30 a.m.** |

**NOTICE OF MOTION**

TO:   See Attached Service List

    PLEASE TAKE NOTICE THAT on June 13, 2012, at the hour of 9:30 a.m., the **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 613 at 219 South Dearborn, Chicago, Illinois 60604 or any judge sitting in his stead.  A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

                                        GOLAN & CHRISTIE LLP

**AFFIDAVIT OF SERVICE**

    I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on May 23, 2012.

                                      /s/*Beverly A. Berneman*
                                         Beverly A. Berneman

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312)263-2300

**SERVICE LIST**

| | |
|---|---|
| Patrick S. Layng<br>United States Trustee<br>219 S. Dearborn, #873<br>Chicago, IL 60604 | Internal Revenue Service<br>Mail Stop 5010 CHI<br>230 S. Dearborn St<br>Chicago, IL 60604 |
| Associate Area Counsel, SB/SE<br>200 West Adams Street<br>Suite 2300<br>Chicago, IL 60606 | United States Attorney<br>219 S. Dearborn Street<br>Chicago, IL 60604 |
| D. Patrick Mullarkey<br>Tax Division (DOJ)<br>PO Box 55<br>Ben Franklin Station<br>Washington, DC 20044<br> (*Contested Matters) | James D. Newbold<br>Asst. Atty. General Revenue Litigation Bureau<br>Illinois Attorney General<br>100 W. Randolph St., 13th Floor<br>Chicago, IL 60601 |
| Department of the Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999 | Dept. of the Treasury<br>Internal Revenue Service<br>PO Box 9019<br>Holtsville, NY 11742 |
| Capital One Bank (USA), N.A.<br>PO Box 6492<br>Carol Stream, IL 60197 | Charter One<br>1215 Superior Ave.<br>Cleveland, OH 44114 |
| Community Initiatives, Inc.<br>c/o Dan Olswang and Steve Rappin<br>Hauselman, Rappin & Olswang, Ltd.<br>39 S. LaSalle St., #1105<br>Chicago, IL 60603 | Bank of America, N.A., successor by merger to<br>BAC Home Loans Servicing, LP<br>c/o Maria Georgopoulos<br>Codilis and Associates<br>15W030 N. Frontage Rd.<br>Burr Ridge, IL 60527 |
| Open NETCF Consulting, LLC<br>2736 Edgewood Dr.<br>Dyer, IN 46311 | Peoples Gas<br>Attn: Customer Service<br>130 East Randolph Drive<br>Chicago, IL 60601 |
| The Home Depot – Credit Services<br>PO Box 183175<br>Columbus, OH 43218 | Porsche Financial Services<br>c/o Nisen & Elliott LLC<br>200 W. Adams, #2500<br>Chicago, IL 60606 |

Banner Plumbing Supply Co.
7255 Cottage Grove Avenue
Chicago, IL 60619

Menards – Retail Services
HSBC Retail Services
P.O. Box 5226
Carol Stream, IL 60197-5226

Shell
PO Box 6406
Sioux Falls, SD 57117

Community Initiatives, Inc.
222 S. Riverside Plaza
Suite 2200
Chicago, IL 60606

Joe Ivezic
407 Summer Drive
Schererville, IN 46375

City of Chicago – Dept. of Revenue
Water Division
PO Box 6330
Chicago, IL 60680

I.M.A. Management, LLC
2800 E. 96th St.
Chicago, IL 60617

Kimberly Ezell
8207 S. Michigan Ave.
#1A
Chicago, IL 60619

Payton A. Edith
8207 S. Michigan Ave.
#2B
Chicago, IL 60619

Yolanda Williams/Phillip Holdman
8207 S. Michigan Ave
#3B
Chicago, IL 60619

Albert Rodney
8209 S. Michigan Ave.
Apt. #3B
Chicago, IL 60619

Alonzo Kyles
8213 S. Michigan Ave.
Apt. #3A
Chicago, IL 60619

Barbara Carter
8201 S. Michigan Ave.
Apt. #2
Chicago, IL 60619

Christopher Byers
8207 S. Michigan Ave.
Apt. #2C
Chicago, IL 60619

Darrick Hawkins
8211 S. Michigan Ave.
Apt. #3B
Chicago, IL 60619

Denise Doles
8201 S. Michigan Ave.
Apt. #1
Chicago, IL 60619

Emmanuel Cazeau
8203 S. Michigan Ave.
Apt. #2B
Chicago, IL 60619

Erin S. Lee
8203 S. Michigan Ave.
Apt. #1B
Chicago, IL 60619

George Gor
8211 S. Michigan Ave.
Apt. #2B
Chicago, IL 60619

Hattie Weathers
8211 S. Michigan Ave.
Apt. #1A
Chicago, IL 60619

Jennifer Butler
8205 S. Michigan Ave.
Apt. #3A
Chicago, IL 60619

Juanita Primar
8213 S. Michigan Ave.
Apt. #1B
Chicago, IL 60619

Kathleen Lacombe
8207 S. Michigan Ave.
Apt. #3A
Chicago, IL 60619

Katrina Page
8213 S. Michigan Ave.
Apt. #1A
Chicago, IL 60619

Latoyia Shine
8205 S. Michigan Ave.
Apt. #1B
Chicago, IL 60619

Lawrence E. Nelson
8207 S. Michigan Ave.
Apt. #1A
Chicago, IL 60619

Nathaniel Straughter
8207 S. Michigan Ave.
Apt. #3C
Chicago, IL 60619

Olugbenga Bamgoye
8211 S. Michigan Ave.
Apt. #3A
Chicago, IL 60619

Oro Blahoa
8203 S. Michigan Ave.
Apt. #1A
Chicago, IL 60619

Priscilla Powell
8205 S. Michigan Ave.
Apt. #1A
Chicago, IL 60619

Raquita Dixon
8205 S. Michigan Ave.
Apt. #3B
Chicago, IL 60619

Ruby Brown
8209 S. Michigan Ave.
Apt. #1B
Chicago, IL 60619

Tia Thomas
8209 S. Michigan Ave.
Apt. #2A
Chicago, IL 60619

Toyia Love
8207 S. Michigan Ave.
Apt. #1B
Chicago, IL 60619

Vivian Evans
8209 S. Michigan Ave.
Apt. #2B
Chicago, IL 60619

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Citibank, N.A.
DBA
4740 121st St.
Urbandale, IA 50323

Peter Z. Vujic
2800 E. 96th Street
Chicago, IL 60617

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No.  11 B 27847** |
| **PETER Z. VUJIC,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Motion Date: June 13, 2012** |
| **Debtor.** | ) | **Motion Time: 9:30 a.m.** |

**FINAL APPLICATION FOR COMPENSATION OF
COUNSEL FOR THE DEBTOR**

Debtor, PETER Z. VUJIC ("Debtor"), and his attorneys, Robert R. Benjamin, Beverly A. Berneman and Caren A. Lederer of GOLAN & CHRISTIE, LLP ("G&C"), move this Court for an order approving the payment of fees in the amount $52,766.00 for services rendered from December 11, 2011 to May 23, 2012 and the costs of preparing this fee petition in the amount of $1,610.00 for a total of $54,376.00 plus expenses in the amount of $2,408.03 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On July 5, 2011, (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On September 6, 2011, this Court entered an order allowing the retention of Robert R. Benjamin and Beverly A. Berneman, as counsel for the Debtor as of July 5, 2011.

### III. CASE STATUS

Debtor owns a residential apartment building plus other property. Debtor sought protection under Chapter 11 after a dip in revenues which occurred for two primary reasons. The first is that he had retained a management company who was not collecting the rents and who was making no effort to lease the apartments. The second is that in 2008 after the downturn in the economy, many of his long time lessees were unable to pay rent. The issues were resolved and the building now has positive cash flow. However, Debtor was behind on his mortgage payments and was unable to catch up.

On November 2, 2011, Debtor filed his Plan of Reorganization and Disclosure Statement in support thereof.

Community Initiatives, Inc. ("CII") filed objections to the Plan and Disclosure Statement. Debtor filed an Amended Plan and Amended Disclosure Statement on February 1, 2012. CII filed a combined objection to the Amended Plan and the Amended Disclosure Statement.

On May 22, 2012, after a contested hearing, the Court entered an order approving the Amended Disclosure Statement and confirming the Amended Plan.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.    <u>General Information.</u>   Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.    Billing Entries.  G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.    Hourly Charges. G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $350.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $80.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY
### OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 4.00 | 1,400.00 |
| FEE | Fee Petition | 4.60 | 1,610.00 |
| FIN | Financing | 5.50 | 2,250.00 |
| PLAN | Plan | 134.50 | 49,116.00 |
| **TOTAL** | | **148.60** | **$ 54,376.00** |

### C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH
### TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY
### RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND
### NAME AND POSITION OF EACH PROFESSIONAL
### *[Local Rules 5082-1(B)(1)(b) and (d)]*

From December 11, 2011 to May 23, 2012, the Debtor has incurred $52,766.00 [1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,610.00.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

1. **ADMINISTRATION**

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case, communicating with the state court appointed receiver and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 3.80 | 350.00 | 1,330.00 |
| Beverly A. Berneman (BAB) | Partner | 0.20 | 350.00 | 70.00 |
|  |  | 4.00 |  | $1,400.00 |

2. **FINANCING**

Debtor's property is encumbered by mortgages. The rents he collects constitute cash collateral. Pursuant to the Bankruptcy Code, Debtor would not be allowed to use the cash collateral to pay for the ongoing expenses and maintenance of the property without an order of court. CII

-5-

refused to agree to a final order for use of cash collateral. Therefore, counsel for the Debtor negotiated a series of orders with CII in order to insure that he would be able to continue to operate and maintain the property. These services benefited the estate on an economic basis by preserving rights in funds needed for the Debtor's operations. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 0.40 | 350.00 | 140.00 |
| Robert R. Benjamin (RRB) | Partner | 2.10 | 480.00 | 1,008.00 |
| Beverly A. Berneman (BAB) | Partner | 2.60 | 350.00 | 910.00 |
| Beverly A. Berneman (CAL) | Partner | 0.40 | 480.00 | 192.00 |
| | | 5.50 | | $2,250.00 |

**3.**   *PLAN*

G&C worked with the Debtor to develop a plan and draft a disclosure statement to accompany the plan. Creation of the plan involved unique and distinct issues such as projecting the future revenue of the Debtor to fund the plan, providing for appropriate treatment of each class of claims and providing adequate information to the creditors. CII objected to the plan and disclosure statement. Debtor then drafted and filed an amended disclosure statement and amended plan. CII objected to the amended documents. Therefore, the Court set the matter for an evidentiary proceeding. The parties engaged in written and oral discovery. After the evidentiary hearing, the Court approved the amended disclosure statement and confirmed the amended plan. The services benefited the estate on an economic basis by developing a plan that will maximize the distribution to creditors while allowing the Debtor to emerge from Chapter 11. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 30.20 | 350.00 | 10,570.00 |
| Robert R. Benjamin (RRB) | Partner | 7.80 | 480.00 | 3,744.00 |
| Beverly A. Berneman (BAB) | Partner | 88.60 | 350.00 | 31,010.00 |
| Beverly A. Berneman (BAB) | Partner | 7.90 | 480.00 | 3,792.00 |
| | | 134.50 | | $49,116.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Interim Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Interim Fee Petition is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 3.60 | 350.00 | $1,260.00 |
| Robert R. Benjamin (RRB) | Partner | 1.00 | 350.00 | 350.00 |
| | | 4.60 | | $1,610.00 |

**E. NARRATIVE SUMMARY**
**HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION
IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH
PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH**
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which was attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 35.40 | 350.00 | 12,390.00 |
| Robert R. Benjamin (RRB) | Partner | 9.90 | 480.00 | 4,752.00 |
| Beverly A. Berneman (BAB) | Partner | 95.00 | 350.00 | 33,250.00 |
| Beverly A. Berneman (BAB) | Partner | 8.30 | 480.00 | 3,984.00 |
| **TOTAL** | | **148.60** | | **$54,376.00** |

**F. NARRATIVE SUMMARY**
**STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED**
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's second and final fee petition.

On January 18, 2012, this Court entered an order granting the first interim fee application and awarding fees in the amount of $24,350.00 and costs in the amount of $1,835.28. The applicant was granted leave to apply the retainer on hand in the amount of $13,239.00 leaving a balance due of $12,946.28.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $2,408.03 consisting of copying charges, postage fees, subpoena expenses, process server fees and expenses for ordering copies of transcripts related to the evidentiary hearing.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid. Counsel also requests entry of a final order deeming fees awarded in the First Interim Fee Application and in this Final Fee Application to be reasonable and necessary.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)     After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)     reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)     reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of this case. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

### VIII.  OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before June 6, 2012.

### IX. CONCLUSION

WHEREFORE, Debtor and his counsel request that this court enter an Order:

A.    Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

      B.    Allowing interim compensation as counsel for the Debtor in the amount of $52,766.00 for fees incurred from December 11, 2011 to May 23, 2012 plus the costs of preparing this fee petition in the amount of $1,610.00 for a total of $54,376.00;

      C.    Allowing reimbursement of out of pocket expenses in the amount of $2,408.03;

      D.    Granting such other and further relief as this court may deem just and proper.

                                    GOLAN & CHRISTIE LLP

                                    By: /s/*Beverly A. Berneman*
                                            Beverly A. Berneman

Robert R. Benjamin (ARDC # 00170429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, Illinois 60602
(312) 263-2300